UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| BAYER CROPSCIENCE LP,<br><br>             Plaintiff,<br><br>   v.<br><br>SHAOHUA GUAN A/K/A STEVEN GUAN; TENFOLD TECHNOLOGIES, LLC D/B/A AGRICEN SCIENCES; AND TENFOLD HOLDINGS, LLC,<br><br>             Defendants. | CIVIL ACTION NO. 2:19-cv-158<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Bayer CropScience LP ("Bayer") files this Complaint against Defendants Tenfold Holdings, LLC and Tenfold Technologies, LLC d/b/a Agricen Sciences (collectively, "Tenfold") and Defendant Shaohua Guan a/k/a Steven Guan ("Guan"), and alleges as follows:

## NATURE OF THE ACTION

1.      This action arises out of the misappropriation of Bayer's proprietary, confidential, and trade secret information by Guan, a former Bayer employee, in violation of his contractual obligations to Bayer.  On information and belief, Guan disclosed Bayer's proprietary, confidential, and trade secret information to Tenfold, and Tenfold subsequently used this information, including in a patent application that lists Guan as an inventor and Tenfold Technologies as the assignee.  Bayer is filing this lawsuit to recover its misappropriated information and associated intellectual property rights.  Bayer also seeks damages based on the disclosure of its proprietary, confidential, and trade secret information.

sf-3973578

## THE PARTIES

2. Plaintiff Bayer is a Delaware limited partnership with its principal place of business at 800 North Lindbergh Blvd., St. Louis, MO 61367.

3. On information and belief, Defendant Guan resides at 13433 Morley Drive, Frisco, Texas 75053.  Guan is an employee of Defendant Tenfold Technologies.

4. Defendant Tenfold Technologies is a limited liability company organized under the laws of the state of Texas with its principal place of business at 801 S. Highway 377, Pilot Point, Texas 76258.  On information and belief, Tenfold Technologies is a wholly owned subsidiary of Tenfold Holdings.  Tenfold Technologies has registered Agricen Sciences as an assumed d/b/a name with the Texas secretary of state.

5. Defendant Tenfold Holdings is a limited liability company organized under the laws of the state of Texas with its principal place of business at 801 S. Highway 377, Pilot Point, Texas 76258.

## JURISDICTION AND VENUE

6. Defendants are subject to personal jurisdiction in this judicial District because Defendants reside in and conduct business in this District, and such conduct has caused injury to Bayer in this District.

7. This Court has original jurisdiction over the asserted federal law claims under 18 U.S.C. § 1836(c) (trade secret misappropriation) and 28 U.S.C. § 1338(a) (any civil action arising under any Act of Congress relating to patents).

8. This Court has supplemental jurisdiction over the asserted state law claims under 28 U.S.C. § 1367(a) because they are part of the same case or controversy.  Plaintiff also seeks relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

9. This Court also has diversity jurisdiction over the asserted state law claims under 28 U.S.C. § 1332 because Bayer and Defendants are diverse and the amount in controversy is greater than $75,000.

10. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1400(b) because Guan resides in this District and Tenfold Technologies, Tenfold Holdings are incorporated in Texas, and their principal place of business is in this District.  On information and belief, certain acts complained of herein also occurred within this District, and significant evidence of these acts is located within this District.

## FACTUAL BACKGROUND

11. On December 19, 2010, Guan accepted an offer to work as a senior scientist for AgraQuest, Inc.  Shortly after beginning his employment at AgraQuest and as a condition of his employment, Guan signed the Employee Proprietary Information and Inventions Agreement ("AgraQuest Agreement") on January 28, 2011.  (Exhibit 1, attached hereto.)  The AgraQuest Agreement defined proprietary information as "any and all information, ideas and materials . . . pertaining in any manner to the business of or used by the Company . . . , including, but not limited to, any trade secret, technical know-how, information, knowledge or data relating to the Company's . . . business."  (*Id.* at 2.)  By signing the AgraQuest Agreement, Guan agreed not to use or reproduce AgraQuest's proprietary information after his termination from AgraQuest.  (*Id.* at 3.)

12. Further, Guan also agreed to assign any intellectual property rights resulting from his work at AgraQuest to AgraQuest:

> I hereby assign, and agree to assign, to the Company, without additional compensation, my entire right, title and interest in and to (a) all Creations, and (b) all benefits, privileges, causes of action and remedies relating to the Creations, whether before or hereafter accrued . . . that are made, conceived or developed by me (either alone or jointly with others), or result from or are suggested by any work performed by me (either alone or jointly with others) for or on behalf of

>   the Company or its affiliates, (i) during the period of my employment with the Company, whether or not made, conceived or developed during regular business hours or (ii) after termination of my employment if based on Proprietary Information.

(Exhibit 1 at 3.)

13. In August 2012, Bayer acquired AgraQuest. On September 24, 2012, Guan signed a supplemental Bayer Employment Agreement ("Bayer Agreement"), reiterating his confidentiality obligations. (Exhibit 2, attached hereto.) In particular, the Bayer Agreement specified that all inventions developed in the scope of Guan's employment would be owned by Bayer. (*Id.* at 1.) It required Guan to "assist and fully cooperate with Bayer in obtaining . . . the fullest measure of legal protection" of Bayer's intellectual property rights. (*Id.*) The Bayer Agreement also prohibited Guan from "fil[ing] any patent application" relating to inventions that were "not made by [Guan] entirely after leaving Bayer's employ." (*Id.*)

14. During his employment at AgraQuest and Bayer, Guan had access to Bayer's proprietary, confidential, and trade secret information relating to media for growth of bacteria for agricultural compositions. Such access is reflected in, for example, the lab notebooks that he kept while working at AgraQuest and Bayer, and those of his colleagues. This proprietary, confidential, and trade secret information pertained at least in part to fermentation media used to prepare Bayer's highly successful SERENADE® line of products, which are used as a fungicide in crop treatments internationally. Other than copper and sulfur, SERENADE® is one of the few broad spectrum fungicides approved for organic use in the United States.

15. On October 2, 2013, Guan was terminated from Bayer and signed a Separation Agreement and General Release ("Separation Agreement"). (Exhibit 3, attached hereto.) The Separation Agreement states that Guan's post-employment obligations under the AgraQuest Agreement and the Bayer Agreement continue, "including, but not limited to, obligations relating to

confidentiality or the use of confidential information of the Company, [and] disclosure and ownership of inventions and intellectual property." (*Id*. at 2.)

16.   Shortly after leaving Bayer, Guan began working at Tenfold Technologies d/b/a Agricen Sciences.  On information and belief, he is engaged in work there that is substantially similar to the work with fermentation media that he did at AgraQuest and Bayer.  According to the Agricen Sciences website, for example, Guan "leads fermentation research and development projects at Agricen Sciences, focusing on the development of new or enhanced product formulations" for biopesticide production. (Exhibit 4, attached hereto (https://www.agricensciences.com/about-us/our-team/steven-guan), last visited April __, 2019.)  There is a high degree of overlapping subject matter between this description and Guan's work at AgraQuest and Bayer.

17.   On March 27, 2018, Tenfold Technologies filed an international patent application titled "Methods and Agricultural Compositions for Preventing or Controlling Plant Diseases," which published as WO 2018/183381 A1 (the "'381 application") on October 4, 2018.  The '381 application lists Tenfold Technologies as the applicant and Guan as an inventor.  The '381 application claims priority to two unpublished provisional patent applications filed with the U.S. Patent and Trademark Office on March 27, 2017 and December 12, 2017.

18.   The '381 application relates to bacterial compositions for agricultural use and various media for growing the bacteria in the compositions.  This application includes specific formulations for the growth media that Bayer has held as proprietary, confidential, and trade secret information relating to its biopesticide products, such as its SERENADE® line of fungicide products.  Guan had access to Bayer's proprietary, confidential, and trade secret information while employed at Bayer, as corroborated by Bayer laboratory notebooks including his own.  These notebooks recite substantially the same media preparations found in the '381 application.  On information and belief, the level of

specificity in the '381 application would have required access to written materials generated during Guan's employment at Bayer that included Bayer's proprietary, confidential, and trade secret information, and Guan took from Bayer and relied on such materials in preparing the '381 application in violation of his agreements with Bayer.

19. On information and belief, Guan unlawfully misappropriated and disclosed Bayer's trade secret media preparations and other proprietary information to Tenfold and Tenfold is complicit in this unlawful disclosure, including through use of the disclosed information in drafting and prosecuting the '381 application and in developing commercial biopesticide products that would compete with Bayer's.

## COUNT I
### (Misappropriation of Trade Secrets, Defend Trade Secrets Act, 18 USC § 1832(a)(1) Against All Defendants)

20. Bayer incorporates by reference as though fully set forth herein the allegations in Paragraphs 1 through 19 of the Complaint.

21. Guan's work at AgraQuest and Bayer included access to AgraQuest and Bayer's highly sensitive trade secrets, including trade secrets relating to the growth media used to prepare Bayer's SERENADE® line of products.

22. Bayer's trade secrets derive independent economic value from not being generally known to, and not readily ascertainable by proper means by, another person who can obtain economic value from their disclosure or use.

23. Bayer's trade secrets, including those Guan had access to, are, and at all relevant times were, the subject of reasonable efforts to maintain their secrecy.  Bayer meticulously guarded the confidentiality of its trade secrets and allowed Guan access only under strict confidentiality obligations.  He received trainings on Bayer's intellectual property, confidential information, and proprietary materials policies, and he signed employment agreements and an exit agreement

expressly acknowledging his obligation to maintain the confidentiality of Bayer's trade secrets. In these agreements, Guan also agreed that Bayer owns any intellectual property, patents, and/or patent applications developed using or relying on Bayer's trade secrets.

24. During and after the time that Guan worked at Bayer, Guan knew or had reason to know that Bayer's trade secrets were acquired under circumstances giving rise to a duty to maintain their secrecy and to limit their use solely for the benefit of Bayer.

25. Guan's disclosure of Bayer's trade secrets was an unauthorized act, as it was without Bayer's express or implied authorization and was in direct violation of Guan's confidentiality obligations to Bayer. On information and belief, Tenfold was aware that Guan worked on highly similar subject matter at Bayer and hired him for that reason. Tenfold knew or should have known that Guan's disclosures and contributions relating to fermentation media for growth of bacteria for agricultural compositions could include Bayer's trade secrets. Despite this knowledge, Tenfold failed to take reasonable steps to avoid Guan's disclosure and use of Bayer's trade secrets. On information and belief, Tenfold instead sought to benefit from the disclosure and use of Bayer's trade secrets, including by filing the '381 application and by developing commercial biopesticide products that would directly compete with Bayer's. None of these activities were authorized by Bayer.

26. The publication of the '381 application, and the disclosure and use of Bayer's trade secrets by Defendants have harmed and continue to harm Bayer. Such disclosure and use includes disclosure and use that occurred after May 11, 2016, as reflected by, for example, the filing dates of the '381 application and the provisional applications to which it claims priority. Bayer did not discover this example of Defendants' disclosure and use until after the '381 application published on October 4, 2018. These wrongful acts constitute misappropriation of Bayer's trade secrets under the Defend Trade Secrets Act.

27. Bayer is entitled to injunctive relief against Defendants' actual and continuing violation of the Defend Trade Secrets Act, 18 U.S.C. § 1832 *et seq.*

28. Bayer is entitled to a constructive trust and/or assignment as to any intellectual property, patents, and/or patent applications developed using or relying on Bayer's trade secrets—including but not limited to the '381 application.

29. Bayer is entitled to recover damages pursuant to at least 18 U.S.C. § 1836(b)(3)(B) for the misappropriation of its trade secrets.

30. Guan's misappropriation of Bayer's trade secrets has been willful and malicious. Accordingly, Bayer is entitled to recover exemplary damages pursuant to at least 18 U.S.C. § 1836(b)(3)(C) and its attorneys' fees pursuant at least to 18 U.S.C. § 1836(b)(3)(D).

## COUNT II
**(Misappropriation of Trade Secrets, Texas Uniform Trade Secrets Act, Tex. Civ. Prac. & Rem. Code § 134A.001 *et seq.* Against All Defendants)**

31. Bayer incorporates by reference as though fully set forth herein the allegations in Paragraphs 1 though 30 of the Complaint.

32. Guan's work at AgraQuest and Bayer included access to AgraQuest and Bayer's highly sensitive trade secrets, including trade secrets relating to the growth media used to prepare Bayer's SERENADE® line of products.

33. Bayer has taken reasonable measures under the circumstances to keep the information secret and the information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information.

34. On information and belief, Guan's disclosure of Bayer's trade secrets to Tenfold occurred in Texas.

35. On information and belief, Defendants directed the preparation and submission of the '631 application and associated applications from Texas.

36. On information and belief, there is ongoing use of Bayer's trade secrets in Texas by Defendants.

37. Defendants knew or had reason to know that Guan's knowledge of Bayer's trade secrets was acquired under circumstances giving rise to a duty to maintain the secrecy of or limit the use of the trade secrets and that Guan owed a duty to Bayer to maintain the secrecy of or limit the use of Bayer's trade secrets.

38. Bayer is entitled to injunctive relief under Tex. Civ. Prac. & Rem. Code § 134A.003 against Defendants' actual and continuing violation of the Texas Uniform Trade Secrets Act.

39. Bayer is entitled to a constructive trust and/or assignment as to any intellectual property, patents, and/or patent applications developed using or relying on Bayer's trade secrets—including but not limited to the '381 application.

40. Bayer is entitled to recover damages pursuant to at least Tex. Civ. Prac. & Rem. Code § 134A.004(a) for the misappropriation of its trade secrets.

41. Guan's misappropriation of Bayer's trade secrets has been willful and malicious. Accordingly, Bayer is entitled to exemplary damages under Tex. Civ. Prac. & Rem. Code § 134A.004(b) and its attorneys' fees pursuant at least to Tex. Civ. Prac. & Rem. Code § 134A.005.

## COUNT III
### (Declaratory Relief – Ownership of Intellectual Property, Patent Applications, And/Or Patents Against All Defendants)

42. Bayer incorporates by reference as though fully set forth herein the allegations in Paragraphs 1 through 41 of the Complaint.

43. An actual controversy has arisen and now exists between the Defendants, on the one hand, and Bayer, on the other hand, regarding the ownership of intellectual property, patents, and/or

patent applications developed using or relying on Bayer's proprietary, confidential, and trade secret information—including but not limited to the '381 application .

44. The '381 application includes and relies on Bayer's proprietary, confidential, and trade secret information. Guan agreed and the law supports that Bayer owns any intellectual property, patents, and/or patent applications developed using or relying on Bayer's proprietary, confidential, and trade secret information without Bayer's authorization—including but not limited to the '381 application.

45. Bayer seeks a judicial declaration that Bayer owns any intellectual property, patents, and/or patent applications developed using or relying on Bayer's proprietary, confidential, and trade secret information—including but not limited to the '381 application.

## COUNT IV
### (Breach of Contract Against Guan)

46. Bayer incorporates by reference as though fully set forth herein the allegations in Paragraphs 1 through 45 of the Complaint.

47. The AgraQuest Agreement (Exhibit 1), Bayer Agreement (Exhibit 2), and Separation Agreement (Exhibit 3) are all legally valid and enforceable contracts.

48. Under these agreements, Guan was obligated to maintain the confidentiality of Bayer's proprietary, confidential, and trade secret information. Guan was also obligated to assign any intellectual property, patents, and/or patent applications developed using or relying on Bayer's proprietary, confidential, and trade secret information to Bayer.

49. Bayer has fully performed all of its obligations under these agreements.

50. Guan has breached and continues to breach these agreements by disclosing Bayer's proprietary, confidential, and trade secret information to Tenfold, by seeking intellectual property rights based on that information, and by not assigning the '381 application and any other intellectual

property, patents, and/or patent applications developed using or relying on that information to Bayer.

51. As a result of Guan's breaches, Bayer has suffered and continues to suffer harm for which specific performance may be the only remedy.

## PRAYER FOR RELIEF

WHEREFORE, Bayer prays for judgment as follows:

1. Monetary damages from Defendants, together with interest, in an amount to be proven at trial;

2. Exemplary damages and attorneys' fees for willful and malicious misappropriation of Bayer's trade secret information, and any other damages authorized by law;

3. Costs of suit, including reasonable attorneys' fees;

4. An order declaring Bayer as the sole and rightful owner and legal title holder of the any intellectual property, patents, and/or patent applications developed using or relying on Bayer's proprietary, confidential, and trade secret information—including but not limited to the '381 application;

5. Injunctive relief, in the form of an order directing Defendants to: (a) take all necessary steps to confirm, assign, and/or restore ownership to Bayer of any intellectual property, patents, and/or patent applications developed using or relying on Bayer's proprietary, confidential, and trade secret information—including but not limited to the '381 application; (b) cease all use of any Bayer proprietary, confidential, or trade secret information in their possession; and (c) identify and return to Bayer any Bayer proprietary, confidential, or trade secret information in their possession;

6. A constructive trust and/or assignment as to any intellectual property, patents, and/or patent applications developed using or relying on Bayer's proprietary, confidential, and trade secret information—including but not limited to the '381 application; and

7. Any further and additional relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Bayer demands a trial by jury as to all issues so triable.

Dated: May 6, 2019

By: /s/ Melissa R. Smith

Matthew A. Chivvis (*pro hac vice pending*)
mchivvis@mofo.com
Mathieu A. Swiderski (*pro hac vice pending*)
mswiderski@mofo.com
Stephanie Blij (*pro hac vice pending*)
sblij@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Telephone:  415-268-7000
Facsimile:   415-268-7522

Harry L. Gillam, Jr., TX Bar No. 07921800
gil@gillamsmithlaw.com
Melissa R. Smith, TX Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH
303 S. Washington Avenue
Marshall, TX  75670
Telephone:  (903) 934-8450
Facsimile:  (903) 934-9257

Attorneys for Plaintiff Bayer CropScience LP